-PS0-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUIS EZE,

Plaintiff,

-v-

DECISION AND ORDER
10-CV-1017

MARCIA SCOTT, DEPUTY JOHN GRAHAM,
OFFICER ROBERT VICTORY, PETER NICHOLS,
VERNON NOBLE, JOSEPHINE LENZ,

Defendants.



---

## INTRODUCTION

Plaintiff, Louis Eze, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983

(Docket No. 1) ("the Complaint") and has requested permission to proceed *in forma pauperis*

(Docket No. 2). He also requests the appointment of *pro bono* counsel (Docket No. 3). The

complaint alleges a claim of false imprisonment (Complaint, ¶ 2C) and is supplemented with a

number of exhibits that comprise a number of prior orders or judgments of this Court and others

in relation to prior actions plaintiff had commenced in this Court and the New York State Court

of Claims arising out of an arrest, indictment, and conviction in New York State Supreme Court,

Erie County, almost 20 years ago and the subsequent dismissal of the indictment pursuant to a

grant of a petition for a writ of habeas corpus by this Court (Hon. William M. Skretny) in 2003.

Plaintiff readily acknowledges and states that this new action is a re-litigation or reinstatement of

the prior actions filed in this Court. For the following reasons, plaintiff's request to proceed as a

poor person is granted, and the complaint is dismissed with prejudice, pursuant to 28 U.S.C. §

1915(e)(2)(B), on the basis that is an attempt to re-litigate a prior action dismissed on the merits

and, in the alternative, is barred by the applicable statute of limitations. Plaintiff's request for the

appointment of counsel is denied as moot.

## BACKGROUND[1]

As noted, plaintiff's present complaint--a complete reinstatement or exact duplication of *Eze v. Masiello, et al.*, 95-CV-4S ("1995 Civil Action")--arises out of what plaintiff alleges was his "false imprisonment" for a variety of sexual offenses for which he was convicted in 1993 and sentenced to a term of 25-50 years imprisonment on January 10, 1994. (Docket No. 1, Complaint, Exhibits A2--1995 Civil Action, Decision and Order, at 2), and Exhibit D--*Eze v. Senkowski, Superintendent of Clinton Corr. Fac.*, 97-CV-0334S ("Habeas Petition"), Decision and Order, at 1-3.) The conviction was ultimately dismissed on October 10, 2003, following the grant of a petition for a writ of habeas corpus by this Court on the basis of ineffective assistance of trial counsel. (Complaint, Exhibit D--Habeas Petition.) In a one-page statement or document attached to the complaint ("Statement"), plaintiff states and acknowledges that he seeks to "reinstate his complaint[s] filed [pursuant to 42 U.S.C.] 1983, 1985 and 1986" and that "[i]n the interest of [j]ustice, [he] is hereby reinstating his claim and complaint in the Federal Court that has rendered the [u]ltimate decision . . . Plaintiff is submitting the entire file of proceedings that has occurred through the entire process." (Docket No. 1, Complaint--Statement, and Exhibits A1-F2.)[2]

Plaintiff is seeking, and admittedly so, to re-litigate the 1995 Civil Action against the same six defendants named in the instant complaint and the amended complaint in the 1995 Civil

---

[1]The following summary of the procedural and factual background of plaintiff's prior actions and proceedings is gleaned from the complaint in the instant action, which includes the exhibits attached thereto, and also the prior filings in the prior civil rights actions filed in this Court by plaintiff: *Eze v. Masiello*, 95-CV-4S ("1995 Civil Action"), Docket No. 1, Complaint, and Docket No. 2, Amended Complaint; *Eze v Senkowski*, 97-CV-0334S ("Habeas Action"), Decision and Order; and *Eze v. Jackson*, 05-CV-0492S ("2005 Civil Action"), Decision and Order.

[2]Exhibit A1–Judgment in 1995 Civil Action dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(d); Exhibit A2–Decision and Order in 1995 Civil Action dismissing amended complaint; Exhibit B–Order of Supreme Court, Appellate Division, Fourth Department, affirming New York Court of Claims' grant of summary judgment to defendants and dismissal of complaint); Exhibit C–New York Court of Appeals' Order denying plaintiff's application for leave to appeal from the grant of summary judgment and dismissal of Court of Claims' complaint); Exhibit D–Decision and Order in Habeas Petition, filed July 15, 2003, granting petition for writ of habeas corpus and directing the state court conviction be vacated; Exhibit E–Order of New York Supreme Court, Erie County, granted October 10, 2003, dismissing indictment no. 91-2386-001; Exhibit F1–Judgment in *Eze v. Jackson, et al.*, 05-CV-0492 ("2005 Civil Action,") dismissing 42 U.S.C. § 1983 action against plaintiff's attorney and said attorney's law firm arising out of their representation of plaintiff in the criminal matter at issue herein; Exhibit F2–Decision and Order in 2005 Action dismissing the complaint.

Action--Detective Marcia Scott, Deputy John Graham, Officer Robert Victory (all three were members of the City of Buffalo Police Department who were involved the investigation and/or arrest of plaintiff in 1991), Peter Nichols, Vernon Noble and Josephine Lenz (who were attorneys and a senior counselor at the Erie County Department of Social Services allegedly involved in the investigation of allegations of sexual misconduct that led to plaintiff's arrest and conviction). Plaintiff appears to believe that he is entitled to re-litigate his claims of false imprisonment based on the vacatur of his conviction and the dismissal of the indictment in 2003.

The 1995 Civil Action

The complaint filed by plaintiff in the 1995 Civil Action, alleged a violation of plaintiff's federal constitutional rights when he was arrested, charged, and convicted in New York Supreme Court, Erie County of several counts of child sexual abuse. In that complaint, plaintiff named a number of individuals, including the six defendants named herein, based upon their alleged involvement in the plaintiff's arrest and conviction. Upon initial review of the complaint, the Court, *sua sponte*, dismissed it but with leave to file an amended complaint. The amended complaint named only the six defendants named in the instant action,[3] and alleged a number of constitutional violations in relation to the underlying criminal proceeding, including, but not limited to, that he was illegally imprisoned "to terminate Mr. Okongwu's parental right," that his house was searched and he was arrested without probable cause, and that he was denied a fair and speedy trial. (1995 Civil Action, 95-CV-4S, Docket No. 8, Decision and Order, entered February 26, 1997.) The instant complaint alleges in the Nature of Suit Section of the Form Complaint that the claim herein is for "False Imprisonment." (Complaint, ¶ 2c.)

---

[3]Detective Marcia Scott, who was alleged to be the "Lead Detective" in the investigation and executed a search warrant at the home of plaintiff's co-defendant, Dominic Okongwu; Deputy John Graham, who was alleged to be the arresting officer who arrested plaintiff on December 18, 1992; Officer Robert Victory, who was alleged to have been involved in the arrest and who advised the plaintiff of his Miranda warnings on the night of the arrest; Peter Nichols, who was alleged to be the Supervising Attorney with the Erie County Department of Social Services; Vernon Noble, who was alleged to be a Senior Counselor with the Erie County Department of Social Services who had called plaintiff to give him the schedule of supervised visits for the children involved in the allegations of sexual abuse against Okongwu; and Josephine Lenz, who was alleged to be an attorney with the Erie County Department of Social Service who "had played a major role by acting in concert with the prosecutors to perjur[e] the kids' tesimon[y]." (1995 Civil Action, 95-CV-4S, Docket No. 6, Amended Complaint, ¶ ¶ 6-11.)

Plaintiff's claims and the underlying criminal prosecution involve the allegations that plaintiff's cousin, Dominic Okongwu, had been accused of abusing Okongwu's three-year old twin daughters in 1988, and that after Okongwu was found to have negligently permitted the sexual abuse of his daughters to take place, plaintiff was appointed by a court to supervise the visitations between Okongwu and Okongwu's daughters.  The sexual abuse that formed the basis of plaintiff's arrest occurred in and around  November 1991, when Okongwu, plaintiff and a woman friend of plaintiff allegedly repeatedly raped and sexually assaulted Okongwu's daughters.  (*Id.*, Decision and Order, at 2.)  An indictment was filed against all three individuals and plaintiff was arrested on December 18, 1992.  Bail was set in June 1993 and plaintiff was tried by a jury and convicted on November 26, 1993, and on January 10, 1994, was sentenced to a term of imprisonment of 25-50 years.  The conviction was affirmed by the Appellate Division, Fourth Department on July 14, 1995, *People v. Eze*, 217 A.D.2d 987 (4th Dept. 1995), and on September 26, 1995, plaintiff's application for leave to appeal to the New York Court of Appeals was denied.  *Id.*, 86 N.Y.2d 841 (1995).

On February 26, 1997, the Court dismissed the amended complaint, *sua sponte*, based on its determination that the claims were "based on indisputably baseless legal theories" and thus subject to dismissal under 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2)(B). (Complaint, Exhibit A2--1995 Civil Action, Docket No. 8, Decision and Order, at 4.)  The Court cited to the elements for establishing a claim of malicious prosecution,[4] and noted that a claim of false arrest is cognizable under 42 U.S.C. § 1983 only when there is an unreasonable seizure, and that where a person is arrested pursuant to a warrant issued after he was indicted by a Grand Jury, the arrest cannot be found to be "unreasonable."  (*Id.*, at 4-5, citations omitted.)  The Court also found that the plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (an

---

[4] (1) The initiation of or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the criminal proceedings; and (4) actual malice. (Complaint, Exhibit A2--1995 Civil Action, Docket No. 8, Decision and Order, at 4 (citing *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995).

inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition).

<u>The Habeas Action</u>

On April 29, 1997, plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing that he was denied effective assistance of trial counsel. *Eze v. Senkowski*, 97-CV-334S. On April 26, 1999, the Court denied the petition and on February 12, 2003, upon appeal by plaintiff, the Second Circuit vacated the Judgment denying the petition and remanded the petition to this Court for further proceedings, including a hearing pursuant to *Sparman v. Edwards*, 154 F.3d 51 (1998). In a Decision and Order dated July 15, 2003, the Court granted the petition after determining that plaintiff had been denied the effective assistance of trial counsel and vacated plaintiff's conviction. (Habeas Petition, Docket No. 54, Decision and Order). The indictment was later dismissed on October 10, 2003, by an Order of New York Supreme Court, Erie County (Burns, J.S.C.). (Docket No. 1, Complaint, Exhibit E.)

<u>2005 Civil Action</u>[5]

In 2005, plaintiff filed a civil action in this Court under 42 U.S.C. § 1983 alleging that his court appointed counsel in the underlying criminal proceedings and her law firm committed malpractice in their representation of plaintiff and violated plaintiff's Sixth Amendment rights. (Complaint, Exhibit F1--*Eze v. Jackson, et al.*, 05-CV-492Sr ("2005 Civil Action"), Decision and Order.) The Court dismissed the complaint, *sua sponte,* on the bases that there was no diversity of citizenship between plaintiff and defendants and thus there was no subject matter jurisdiction over the state common law malpractice action and that defendants were not persons acting under

---

[5]As noted, plaintiff's instant complaint also attaches orders of the New York Supreme Court, Appellate Division, Fourth Department and New York Court of Appeals affirming a decision and order of the New York Court of Claims which granted summary judgment to defendants and dismissed plaintiff's claims brought in the Court of Claims. (Docket No. 1, Complaint, Exhibits B and C.) *Eze v. State*, 43 A.D.3d 1389, 841 N.Y.S.2d 814 (4th Dept. 2007), *lv., to appeal denied* 9 N.Y.3d 816, 879 N.E.2d 173, 849 N.Y.S.2d 33 (2007).

color of state law for purposes of establishing liability under § 1983.  (*Id.*, Docket No. 4, Decision and Order, at 2-5.)

## DISCUSSION

The complaint in the instant action is, as noted, an unequivocally admitted attempt by plaintiff to re-litigate and reinstate his prior complaints in this Court and arises out of the same facts that gave rise to the claims asserted in the prior civil actions.  Those actions are based on plaintiff's arrest, indictment and conviction and the vacatur of plaintiff's conviction in 2003.  As noted, plaintiff states in a document attached to the complaint, that "[i]n the interest of Justice, plaintiff is hereby reinstating his claim and complaint."  Since the instant complaint simply attaches the various decisions and orders in his prior civil actions and the habeas corpus petition, and alleges no additional information or claims against the defendants, the instant complaint must be construed to be exactly what plaintiff refers to it as: a relitigation of his prior actions, and, in fact, the 1995 Civil Action inasmuch as the defendants named in that action are the only defendants named in the instant action.  The basis of plaintiff's attempt to re-litigate and re-institute the 1995 Civil Action appears to be the vacatur of plaintiff's conviction and the dismissal of the indictment in 2003.

As referred to above, plaintiff claims that the defendants herein were responsible for what he claims was his false imprisonment.  The defendants were, he claims, involved in the underlying investigation of alleged child abuse between 1988 and 1991, and his arrest, indictment and conviction based on said investigation.

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). "[R]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915[e] as malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (quoting *Robinson v. Woodfork*, 834 F.2d 1023 (5th Cir. 1987)). "To allow [plaintiff] to relitigate claims that have now been dismissed, or to now litigate claims that should have been brought in the earlier action, would only waste limited judicial resources." *Gonzalez v. New York City Police Dep't*, No. 00 CIV. 7096(SAS), 2000 WL 1727714, at *2 (S.D.N.Y., Nov. 21, 2000) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

As noted, plaintiff appears to believe that the vacatur of his conviction provides him with the ability to automatically re-institute his prior action in this Court.  That is not the case however.  The vacatur of the conviction on ineffective assistance grounds do not seem, in any way, to implicate the grounds upon which plaintiff sought to sue the investigating and arresting officers and the attorneys and counselors at the Department of Social Services involved in the investigation of the underlying criminal charges and allegations.  The Court finds that the instant action is an admitted attempt to re-litigate a prior action that was dismissed on the merits and is thus barred by the doctrine of *res judicata*.  The Court also finds, in the alternative, that plaintiff's claims of malicious prosecution and false imprisonment[6] are barred by the applicable statutes of limitations.

In *Heck v. Humphrey*, the Supreme Court stated that if the criminal trial resulted in a conviction, the claim of malicious prosecution would not accrue until "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  512 U.S. at 489.  Plaintiff's conviction was vacated by this Court on July 15, 2003 and the indictment ultimately dismissed in New York State Supreme Court on October 10, 2003.  Even using the later date as the accrual of plaintiff's "delayed" cause of action for malicious prosecution, this

---

[6]Courts must liberally construe pleadings of pro se litigants to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (citation, internal quotations marks and emphasis omitted).

complaint was filed well more than three years after that date.  *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994); *see also Singleton v. City of New York*, 632 F.2d 185, 189, 193 (2d Cir.1980), *cert. denied*, 450 U.S. 920 (1981) (for claims based in malicious prosecution, the statute of limitations period starts to run only when the underlying criminal action is conclusively terminated).  Accordingly, assuming the delayed accrual rule of *Heck* applies herein, plaintiff failed to bring his claim of malicious prosecution with three years after the grant of habeas corpus relief and the dismissal of the indictment.

The same holds true for plaintiff's claim of false arrest and false imprisonment.  "For a § 1983 claim of false imprisonment-and for a claim of false arrest, which is a 'species' of false imprisonment-the statute of limitations begins to run 'when the alleged false imprisonment ends.'"  *Lynch v. Suffolk County Police Department*, 348 Fed.Appx.3d 672, 2009 WL 3287565, at * 2 (October 14, 2009) (Summary Order) (quoting *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)).  In *Wallace*, the Supreme Court held that a false imprisonment ends when "the victim becomes held pursuant to [legal] process-when, for example, he is bound over by a magistrate or arraigned on charges."  *Id.* (emphasis omitted).  Here, plaintiff was arrested upon the return of an indictment against him on December 18, 1992, and arraigned shortly thereafter.  (1995 Civil Action, Docket No. 1, Complaint, ¶ ¶, Docket 6, Amended Complaint, ¶ ¶ 47, 48, Docket No. 8, Decision and Order.)  The instant complaint was filed well beyond three years after plaintiff's arraignment on the indictment.[7]

The Court is fully cognizant of this Circuit's general rules that a district court should not *sua sponte* dismiss a complaint without leave to amend and that where a complaint is barred by the statute of limitations it should not be dismissed *sua sponte* without first providing notice and

---

[7]Because the Court has found that the complaint must be dismissed as an attempt to re-litigate a prior action that was dismissed on the merits and, in the alternative, is barred the statute of limitations, the Court need not address other issues related to the merits *vel non.* of plaintiff's claims herein--*e.g.*, was there probable cause for the arrest and does the grant of a petition for a writ of habeas corpus on the basis of ineffective assistance of counsel vitiate probable cause as determined by a grand jury. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (Probable cause is a complete defense to a false arrest claim); *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (Lack of probable cause is also a necessary element in establishing a claim of malicious prosecution).

opportunity to plaintiff, *see Abbas*, 480 F.3d at 639, but where leave to amend would be futile, the court is well within its discretion to deny leave to amend. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *see also Fuentes v. Tilles*, 09-2954-cv, 2010 WL 1838702 (2d Cir., May 10, 2010) (Second Circuit affirming sua sponte dismissal of pro se complaint as frivolous pursuant to 1915(e) without leave to amend).  Moreover, the complaint is being dismissed on the basis that it is an attempt to re-litigate claims that were dismissed previously on the merits.  There is thus no basis to provide plaintiff notice and opportunity in relation to the finding that the complaint is also barred, in the alternative, by the applicable statute of limitations.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request to proceed *in forma pauperis* is granted, and for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's request for the appointment of counsel is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 4383.  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice and the motion for appointment of counsel is denied; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 13, 2011
Rochester, New York

10