-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUIS EZE,

        Plaintiff,

    -v-                                 **DECISION and ORDER**
                                               10-CV-1017S

MARCIA SCOTT, et al.,

        Defendants.

---

On January 9, 2012, Plaintiff, appearing *pro se*, filed a Notice of Appeal (Docket No. 6) and a Motion for an Extension of Time to File a Notice of Appeal (Docket No. 7) from a Judgment dismissing the Complaint and denying leave to appeal as a poor person (Docket No. 5), entered September 20, 2011. Plaintiff's Motion states that he mistakenly filed a notice of appeal directly with the United States Court of Appeals for the Second Circuit "in accordance with" Fed.R.App.24, "thereby ignoring Rule 4," which required him to file the notice of appeal with the District Court. For the following reasons, the Motion is denied.

According to Fed.R.App.P. 4(a)(5)(A), "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by the Rule 4(a) expires, that party shows excusable neglect or good cause." *See also Millhouse v. New York State Dept. Of Corr. Services, et al.*, 10-3845-pr, 439 Fed.Appx. 41, 2011 WL 4359971 (2d Cir., Sept. 20, 2011) (Summary Order) ("A Rule 4(a)(5) motion to extend must be filed within the 30–day grace period immediately following the original 30–day appeal period, or the district court is without

power to grant an extension.") (citing *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118–19 (2d Cir.1998) ( per curiam)).

Plaintiff did not file his Motion within 30 days after the 30-day time prescribed for filing a notice of appeal from the Judgment from which the appeal is taken and, therefore, the Motion must be denied.

While Rule 4(a)(6) allows a district court to reopen the time to file a notice of appeal for a period of 14 days if: (1) the moving party was entitled to a notice of the judgment under Fed. R. Civ. P. 77(d), but did not receive notice within 21 days after judgment was entered; (2) the motion is filed within 180 days after entry of judgment or within 14 days after the moving party receives notice, whichever is earlier; and (3) no party would be prejudiced, it is apparent that Plaintiff did receive notice of the Order and Judgment and, therefore, Rule 4(a)((6) is inapplicable.

Accordingly, Plaintiff's Motion For an Extension of Time to File a Notice of Appeal is denied. Permission for leave to appeal from this Decision and Order as a poor person is denied, *see* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed as a poor person should be directed, on motion, to the United States Court of Appeals in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED

Dated:   March 14, 2014
         Buffalo, New York

                                              s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                        United States District Court